UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-606-H

EVERETT ABNEY                                                                                                   PLAINTIFF

v.

LADONNA THOMPSON *et al.*                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the complaint (DN 1) and amended complaint (DN 18) pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the claims will be dismissed and the others will continue.

### I. SUMMARY OF CLAIMS

Currently on parole, Plaintiff filed this action while incarcerated at the Kentucky State Reformatory (KSR). He brings suit pursuant to 42 U.S.C. § 1983. In the complaint, he sues Kentucky Department of Corrections (KDOC) Commissioner LaDonna Thompson; KSR Internal Affairs Lt. Carlos Schantz; KSR Chief Engineer Robert Gimmell; KSR Engineer Terry Anderson; KSR "CUA 2" Glenn Dotson; KSR Engineering Supervisor Marvin Brunner; and KSR Warden Cookie Crews. In the amended complaint, he additionally sues F.W. Keeman, M.D., the "Head of Medical, Correct-Care" at KSR and KSR Nurse Practitioner Roy Washington. He sues all Defendants in their individual and official capacities.

In the complaint and amended complaint, Plaintiff asserts four claims. First, he alleges that while working at KSR he was repeatedly subjected to verbal and physical sexual harassment

(including being touched and rubbed on his buttocks and groin area) by Defendant Brunner.[1] Plaintiff alleges that he presented his claims to Defendant Dotson, who failed to report the sexual threats to Defendant Schantz of Internal Affairs, and who had a "negative temper toward providing assistance." Plaintiff advises that he, himself, nevertheless, complained to Defendant Schantz, who apparently conducted an investigation but failed to question any of the inmates or staff who witnessed the touching and persistent verbal harassment by Defendant Brunner against Plaintiff. Second, Plaintiff contends that "I was threatened with segregation after bringing [the sexual harassment] situation to internal affairs" and that "[f]or a period of (6) months I was continually harassed and threatened with segregation time, loss of good time and other denied privilege's."

Third, Plaintiff alleges that he was exposed to and required to work without proper safety equipment in an area containing friable asbestos and lead paint dust and fumes. He claims that "[t]he units listed as the basement in seg, admin bldg. Crawl spaces, and other area's were listed as contaminated." As a result of this exposure, Plaintiff reports experiencing dizziness, weakness, blurred vision, difficulty breathing, and persistent coughing.

Plaintiff filed a grievance regarding his being denied the proper safety equipment. On the Warden's Review, Defendant Crews indicated that she advised Defendant Chief Engineer "Gimmel to ensure that proper safety equipment is worn by both inmates and staff when working in or around potentially dangerous materials." On appeal, Defendant Commissioner Thompson advised, "Warden Crews had directed that inmates and staff working around potential dangerous

---

[1] To the complaint, Plaintiff attaches affidavits from other inmates who also experienced the sexual harassment by Defendant Brunner and/or who witnessed Defendant Brunner's harassment of Plaintiff.

materials be provided the proper safety equipment. In addition, you have provided no evidence that the work material is in fact hazardous to your health. Therefore, it appears that the institution is addressing your concerns." Plaintiff claims that the proper safety equipment was never provided.

Finally, Plaintiff, in the amended complaint, sues Defendants Washington and Dr. Keeman for denial of proper medical treatment under the Eighth Amendment. He alleges that requests to be properly screened for exposure to known carcinogens and to be examined for resulting symptoms, which worsened, were denied.

As relief in both the complaint and amended complaint, Plaintiff seeks monetary and punitive damages and injunctions (1) directing that a memorandum be placed in dorms and prisons regarding protective materials and proper respect for inmates regarding sexual advances in the workplace; and (2) "[i]nvestigating other complaints and providing proper medical attention."

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Official-capacity claims for damages against all Defendants*

A state, its agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Accordingly, the official-capacity claims for damages against all Defendants must be dismissed.

#### B. *Claim for injunctive relief*

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Here, because Plaintiff has been released from incarceration and is no longer incarcerated at KSR, it is clear that he would derive no benefit from granting the requested injunctive relief, and his claim for injunctive relief must be dismissed.

### C. *LaDonna Thompson*

Plaintiff claims that Defendant Thompson is responsible for overseeing that matters of sexual harassment are dealt with by posting CPP's, and the only involvement Plaintiff alleges that Defendant Thompson had with respect to any of his claims is her adjudication of his grievance regarding the need of protective safety equipment in contaminated areas of the prison.

Defendant Thompson's position as KDOC Commissioner does not automatically make her liable for the actions of her subordinates. "Respondeat superior[2] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Likewise, Defendant Thompson's adjudication of Plaintiff's grievance does not subject her to liability under § 1983. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of

---

[2]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment.

Because Plaintiff's allegations against Defendant Thompson relate only to her role as Commissioner and arise out of her decision to deny Plaintiff's administrative grievance, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Thompson.

### D. Lt. Schantz

Plaintiff alleges that Lt. Schantz failed to fully investigate the sexual harassment claims against Defendant Brunner.

"The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, No. 86-5522, 1986 WL 18183, at *1 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)).

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to enforce the law equally and fairly. However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff. Here [the plaintiff] merely requested an investigation by the FBI, and he alleges that the

response was inadequate. On these facts, the district court was correct to conclude that he had failed to state a claim.

*Buerger v. Smith*, No. 85-3307, 1985 WL 13876, at *1 (6th Cir. Oct. 9, 1985) (internal citations omitted).

Plaintiff does not allege that Defendant Schantz's failure to investigate Defendant Brunner's conduct violated another recognized constitutional right. Plaintiff, therefore, fails to state a claim against Defendant Schantz.

### *E. Glenn Dotson*

Plaintiff claims that Defendant Dotson failed to turn over the claims of sexual harassment to Internal Affairs and had a "negative temper toward providing assistance." Plaintiff fails to demonstrate how these actions or inactions in any way rise to the level of a constitutional violation. Accordingly, the claims against Defendant Dotson will be dismissed.

### *F. Retaliation claim*

Plaintiff contends that "I was threatened with segregation after bringing [the sexual harassment] situation to internal affairs" and that "[f]or a period of (6) months I was continually harassed and threatened with segregation time, loss of good time and other denied privilege's."

Plaintiff fails to sufficiently identify the person or persons who allegedly retaliated against him. The Court, therefore, will provide Plaintiff with 30 days within which to amend his complaint to more clearly set forth his retaliation claim and identify the person or persons who allegedly retaliated against him.

### G. Eighth Amendment claims

#### 1. Verbal and physical sexual harassment

"Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997). However, "[c]ircuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain." *White v. Brown*, No. 1:07-cv-1154, 2007 WL 5253981, at *2 (W.D. Mich. Dec. 10, 2007) (listing cases).

Because Plaintiff alleges not only verbal sexual harassment for a period of six months but also alleges repeated episodes of physical contact and touching over that same period and attaches affidavits of other inmates in support of his allegations, the Court will allow Plaintiff's Eighth Amendment claim of sexual harassment to continue against Defendant Brunner in his individual capacity for damages. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) "[T]here can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation." (quoting *Boddie*, 105 F.3d at 861) (internal quotation marks omitted)); *Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment). In permitting this claim to proceed, the Court passes no judgment on its merit and ultimate outcome following discovery.

### *2. Repeated exposure to friable asbestos and lead paint dust and fumes*

The Court will allow the Eighth Amendment exposure claim to proceed against Defendants Crews,[3] Brunner, Gimmel, and Anderson in their individual capacities for damages. *See LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir. 1998) (denying qualified immunity because a reasonable person would have understood that exposing an inmate to friable asbestos could violate the Eighth Amendment); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1989) (concluding that forcing inmate to remain in area contaminated with friable asbestos constituted deliberate indifference in violation of the Eighth Amendment); *Cody v. Hillard*, 88 F. Supp. 2d 1049, 1055 (D.S.D. 2000) (acknowledging health risk of requiring inmate workers to scrape lead-based paint).

### *3. Denial of medical treatment*

The Court will allow the Eighth Amendment claim of denied medical treatment for his symptoms related to his exposure to friable asbestos and lead paint dust and fumes to continue against Defendants Dr. Keeman and Nurse Practitioner Washington in their individual capacities for damages.

---

[3]Because Defendant Commissioner Thompson effectively advised that the matter was being taken care of by Defendant Crews at the institutional level and since Defendant Warden Crews directed the Engineering Department to ensure proper safety equipment, the Court finds, for purposes of initial screening, that Plaintiff has alleged facts demonstrating sufficient involvement by Defendant Warden Crews in the exposure claim to allow it proceed against her.

## IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1)  All official-capacity claims for monetary damages against all Defendants are **DISMISSED** for failure to state a claim upon which relief may be granted and for seeking monetary damages from those immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), respectively;

(2)  The claims for injunctive relief against all Defendants are **DISMISSED as moot**; and

(3)  All claims against Defendants Thompson, Schantz, and Dotson are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The **Clerk of Court is DIRECTED to terminate** Defendants Thompson, Schantz, and Dotson as parties to this action.

**IT IS FURTHER ORDERED** that within **30 days** of entry of this Order, Plaintiff may amend his complaint to identify the person or persons he claims retaliated against him.

**IT IS FURTHER ORDERED** that the following claims shall proceed beyond initial screening pursuant to 28 U.S.C. § 1915(e)(2):  (1) the Eighth Amendment claim of sexual harassment against Defendant Brunner in his individual capacity for damages; (2) the Eighth Amendment claim of exposure to friable asbestos and lead paint dust and fumes against Defendants Crews, Brunner, Gimmel, and Anderson in their individual capacities for damages; and (3) the Eighth Amendment claim of denied medical treatment against Defendants Dr. Keeman and Washington in their individual capacities for damages.

Finally, because Plaintiff is proceeding *in forma pauperis*, **IT IS ORDERED** that:

(1) **The Clerk of Court shall forward by certified mail, return receipt requested, one copy of the complaint (DN 1), the amended complaint (DN 18), and this Scheduling Order, to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky.** General Counsel shall have **30 days** after receipt by certified mail of the complaint, amended complaint, and this Scheduling Order to complete and return a notice of waiver of service for Defendants. **Should counsel for the Justice & Public Safety Cabinet not represent any Defendant, the Court requests, within the same 30-day period, that General Counsel provide an address for that Defendant so that it may ensure service.** If the address is not public record, counsel shall file the information **under seal**.

(2) The Clerk of Court shall prepare and issue summons and, by way of the U.S. Marshals Service in accordance with Fed. R. Civ. P. 4(c)(3), cause a copy of the complaint (DN 1), amended complaint (DN 18), and summons to be served on Defendants for whom waiver is not returned. In the event the summons is returned to the Court unexecuted, the Clerk of Court is **DIRECTED** to mail a copy of the returned, unexecuted summons and the USM-285 form to Plaintiff and to make a notation in the docket sheet of having done so. **Plaintiff is WARNED that in the event he receives such notification, he must take steps to remedy the defect in service. Failure to do so within 120 days of entry of this Order may result in dismissal of the Defendant at issue.**

(3) The answer to the complaint shall be filed no later than **60 days** after waiver of service. However, if service is required, the answer shall be filed no later than **21 days** after

service of summons. Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendants' answer.

(4) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(5) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* L.R. 5.2(d).

(6) Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.005