UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-606-H

EVERETT ABNEY,                                                              PLAINTIFF

V.

LaDONNA THOMPSON, *et. al.*,                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Everett D. Abney, filed this *pro se* action on September 24, 2010, while incarcerated at Kentucky State Reformatory ("KSR"). He brings suit pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff asserts four claims and names several prison officials employed at KSR as defendants.[1] The focus of this opinion is Plaintiff's Eighth Amendment claim against the following defendants: Cookie Crews, Warden of KSR; Robert Gimmel, Chief Engineer of KSR; and Terry Anderson, Engineer at KSR (collectively "Defendants"). Particular to these Defendants, Plaintiff alleges that while assigned on work detail, he was exposed to an area containing friable asbestos and lead paint dust and fumes and required to work without proper safety equipment. For the reasons that follow, the Court sustains Defendants' motion for summary judgment on this claim.

---

[1] Plaintiff named the following persons as defendants in their individual and official capacities: LaDonna Thompson, Kentucky Department of Corrections Commissioner; Lt. Carlos Schantz, Internal Affairs Officer at KSR; Robert Gimmell, Chief Engineer of KSR; Terry Anderson, Engineer at KSR; Glenn Dotson, KSR "CUA 2;" Marvin Brunner, KSR Engineering Supervisor; Frederick W. Kemen, M.D., Roy Washington, APRN; and Cookie Crews, Warden of KSR. This Court previously dismissed all official-capacity claims for monetary damages against all defendants and dismissed individual-capacity claims against the following defendants: Thompson, Schantz, Dotson, Kemen and Washington.

I.

During his incarceration at KSR, Plaintiff was assigned to a work project under the supervision of Marvin Brunner, another defendant in the case.  On September 29, 2009, six months into his work assignment, Plaintiff initiated a grievance.  He complained of asbestos exposure and that he had minimal protection from harmful dust emitted from a power sander operated by another inmate.  As a result of this alleged exposure, Plaintiff states he experienced dizziness, weakness, blurred vision, difficulty breathing, and persistent coughing.  His grievance was directed to Defendants Gimmel and Anderson.  When questioned by Anderson as to why he did not wear one of the available HEPA filtered ½ masks, Plaintiff conceded he had never requested one.

The next day, Defendants Gimmel and Anderson met with Brunner, directing him to ensure that all inmates had proper safety equipment and that going forward, wearing such safety gear was mandatory.  Gimmel followed up with Plaintiff, briefing him on the meeting with Brunner.  Plaintiff sought an appeal to the grievance committee.  After a further investigation of Plaintiff's complaint, the grievance committee agreed that persons working with or around potentially dangerous material should be required to wear provided safety gear.

Plaintiff again appealed to Warden Crews, seemingly dissatisfied with the previous response.  In his view, the mandates were not adequately implemented.  Warden Crews directed Gimmel to make certain that proper safety equipment was provided and worn by inmates and staff while on the work-site.  Once more displeased with the response, Plaintiff filed an appeal to Commissioner Thompson.  His stated concern again was the lack of adequate protection for inmates while performing their duties.  Specifically, he noted that inmates were entering a segregated construction area that was contaminated with asbestos without safety devices.  His concerns were further

investigated.  In response, the Commissioner confirmed that there were five HEPA filtered ½ masks for use and both inmates and staff were now required to wear protective gear when working around potentially dangerous materials.

About the same time Plaintiff complained to Warden Crews that while on assignment he was directed to enter contaminated crawl spaces.  Deputy Warden Troy Pollack investigated the area in which inmates were working and found that it did not contain asbestos or any other harmful agent. He concluded that the inmates were not at risk for expose to any material that contained asbestos. With the utmost caution he instructed Brunner, as had other prison officials, to ensure that inmate workers were provided with and made to wear proper safety equipment.  Plaintiff maintains that Brunner did not implement the mandate and Defendants failed to check back to ensure that officials carried out the directives.  As a result, Plaintiff alleges Defendants violated his Eighth Amendment rights.

II.

The motion currently before the Court is Defendants' motion for summary judgment on Plaintiff's § 1983 claim against them.  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof.  *Id.* Once the moving party demonstrates this lack of evidence, the burden passes

3

to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* at 322. If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, *supra.* at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation omitted).

III.

Qualified immunity is an affirmative defense that shields governmental officials, acting in an individual capacity, from civil liability if their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). The Sixth Circuit applies a two-part test to determine whether a public official is entitled to qualified immunity: "(1) whether the plaintiff has shown a violation of a constitutionally protected right; and, if so, (2) whether that right was clearly established such that

a reasonable official would have understood that his behavior violated that right." *Shehee v. Luttrell*, 199 F.3d 295, 299-300 (6th Cir. 1999).

Defendants argue that as supervisors, they were not directly involved in Plaintiff's work assignment and that their only roles in this action involve the failure to make certain that officers carried out their directives. As such, they cannot be liable as supervisors under § 1983 as the allegation is essentially a failure to act. This Court agrees.

The Sixth Circuit has spoken on § 1983 liability as it relates to officials in supervisory roles:

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Id.* at 300 (internal citation omitted); s*ee also Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005)("Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability."). In sum, Plaintiff must demonstrate that Defendants played more than a passive role in the alleged violation or showed tacit approval of the unconstitutional behavior. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

In the present case, Plaintiff is unable to make that requisite showing to hold Defendants liable as supervisors. Plaintiff has not alleged that any of the Defendants directly participated, encouraged, authorized or acquiesced in the supposed unconstitutional behavior. In fact, the record indicates that Defendants repeatedly addressed Plaintiff's concerns seriously and took action to ensure that inmates were adequately protected while on work assignment. Defendants investigated the conditions of the work-site and instituted a new policy mandating that persons wear safety gear.

5

The undisputed facts tend to demonstrate that Defendants adequately and reasonably discharged their supervisory duties.

Plaintiff unfortunately does not feel the same, as he maintains that Defendants failed to ensure the new policy was enforced.  However, this allegation, at most, shows a failure to act which cannot be the basis of supervisory liability in a § 1983 action.  Accordingly, the Court holds as a matter of law that Defendants did not violate a clearly established constitutional right.  As a result, Defendants are entitled to qualified immunity.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiff's claims against Cookie Crews, Robert Gimmel and Terry Anderson are DISMISSED WITH PREJUDICE.

The Court will consider the remaining motions in due course.

cc:     Counsel of Record