UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-606-H

EVERETT ABNEY,                                                          PLAINTIFF

V.

LaDONNA THOMPSON, *et. al.*,                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Everett D. Abney, filed this *pro se* action on September 24, 2010, while

incarcerated at Kentucky State Reformatory ("KSR").  He brings suit pursuant to 42 U.S.C. § 1983.

In his Complaint, Plaintiff asserts four claims and names several prison officials employed at KSR

as defendants.[1]  The focus of this opinion is Plaintiff's remaining Eighth Amendment claims against

Defendant KSR Engineering Supervisor Marvin Brunner.  Plaintiff alleges that while assigned on

work detail, he was exposed to friable asbestos and lead paint dust and fumes, and required to work

without proper safety equipment.  Additionally, he alleges that during this period Brunner sexually

harassed him and other inmates.  For the following reasons, the Court sustains Brunner's motion for

summary judgment.

---

[1] Plaintiff named the following persons as defendants in their individual and official capacities: LaDonna Thompson, Kentucky Department of Corrections Commissioner; Lt. Carlos Schantz, Internal Affairs Officer at KSR; Robert Gimmell, Chief Engineer of KSR; Terry Anderson, Engineer at KSR; Glenn Dotson, KSR "CUA 2"; Marvin Brunner, KSR Engineering Supervisor; Frederick W. Kemen, M.D.; Roy Washington, APR;, and Cookie Crews, Warden of KSR. This Court has previously dismissed all official-capacity claims for monetary damages against all defendants and dismissed individual-capacity claims against all of the defendants except Brunner.

I.

During his incarceration at KSR, Plaintiff was assigned to a construction job under the supervision of Brunner.  On September 29, 2009, six months into his work assignment, Plaintiff initiated a grievance.  He complained that he came into contact with harmful dust emitted from a power sander and possibly was exposed to asbestos and lead paint fumes.  As a result of this alleged exposure, Plaintiff states he experienced dizziness, weakness, blurred vision, difficulty breathing, and persistent coughing.  His grievance was directed to KSR officials Gimmel and Anderson.  When Anderson questioned why he did not wear one of the available HEPA filtered ½ masks, Plaintiff conceded he had never requested one.

The next day, Gimmel and Anderson met with Brunner, directing him to ensure that all inmates had proper safety equipment and that going forward, wearing such safety gear was mandatory.  Gimmel followed up with Plaintiff, briefing him on the meeting with Brunner.  Plaintiff sought an appeal to the grievance committee.  After a further investigation into Plaintiff's complaint, the grievance committee agreed that persons working with or around potentially dangerous material should be required to wear the provided safety gear.

Dissatisfied with the committee response, Plaintiff appealed to Warden Crews and then once more to Commissioner Thompson.  Again, his stated concern was the lack of adequate protective respiratory equipment provided to inmates.  KSR officials further investigated his complaint.  The Commissioner confirmed that there were five HEPA filtered ½ masks for use on-site, and both inmates and staff were now required to wear protective gear when working around potentially dangerous materials.

2

About the same time Plaintiff complained to Warden Crews that while on assignment he was directed to enter contaminated crawl spaces. On November 16, 2009, Deputy Warden Troy Pollack investigated the area in which inmates were working and confirmed that it did not contain asbestos or any other harmful agent. He concluded that there was no risk to the inmates of exposure to asbestos. Pollack then discussed with Brunner the use of safety equipment on-site. When Brunner stated that inmates wore safety masks only when they wanted to, Pollack instructed him to ensure that inmate workers were provided with and made to wear proper safety equipment. Warden Crews then reiterated this mandate in a written reprimand issued to Brunner.

Additionally, Plaintiff alleges that Brunner subjected him and other inmates to verbal and physical sexual harassment. Plaintiff did not formally file his own grievance but did co-sign the grievance of a fellow inmate, Mark Cornelison, as to Brunner's alleged sexual harassment. In Plaintiff's various appeals following the asbestos exposure grievance, he did complain of Brunner's behavior on the work site, stating that Brunner "on several occasions, groped inmates and these actions include touching our buttocks, hitting us in the groin area with the back of his hand plus making countless sexually suggestive remarks and making lewd suggestions." Letter to Grievance Committee, ECF No. 55-3. This allegation mirrors Cornelison's grievance, in response to which KSR officials conducted an investigation and met with Brunner. Brunner admitted that he did use lewd language but denied touching inmates in a sexually inappropriate way.

In the November 16, 2009 meeting between Pollack and Brunner, Pollack discussed Plaintiff's sexual harassment allegation. Brunner was advised that conduct of the nature alleged was a violation of KSR policy and could lead to further disciplinary action. Plaintiff maintains that Brunner's conduct constitutes an Eighth Amendment violation for which Brunner should be liable

pursuant to 42 U.S.C. § 1983.

II.

The motion currently before the Court is Brunner's motion for summary judgment on Plaintiff's 42 U.S.C. § 1983 claim against him.  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof.  *Id.*  Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* at 322. If the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). In such a case, the moving party is "entitled to a judgment as a

4

matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

III.

Plaintiff first alleges that Brunner violated the Eighth Amendment by subjecting inmates to working conditions that posed an unreasonable and substantial risk of harm. Specifically, Plaintiff alleges that Brunner failed to provide adequate safety equipment to inmates working in an enclosed construction site that may have contained hazardous materials. Brunner argues he is entitled to qualified immunity as there was no violation of a clearly established constitutional right.

Qualified immunity is an affirmative defense that shields government officials, acting in an individual capacity, from civil liability if their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). The Sixth Circuit applies a two-part test to determine whether a public official is entitled to qualified immunity: "(1) whether the plaintiff has shown a violation of a constitutionally protected right; and if so, (2) whether that right was clearly established such that a reasonable official would have understood that his behavior violated that right." *Shehee v. Luttrell*, 199 F.3d 295, 299-300 (6th Cir. 1999).

Brunner's alleged conduct did not violate Plaintiff's Eighth Amendment rights. The Eighth Amendment protects inmates from cruel and unusual punishment. Whether a particular episode or series of events constitutes cruel and unusual punishment is gauged against "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). A prison official may be liable under the Eighth Amendment if the official was deliberately

5

indifferent to a substantial risk to inmate health or safety; that is, the prison official was subjectively aware of a known risk and choose to disregard it. *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *see also* 60 AM. JUR. 2D § 24 Cruel and Unusual Punishment ("A violation of the Eighth Amendment in a subhuman conditions case requires both an objective showing that the nature of the practices are cruel and unusual, and a subjective showing of intent, that is, actual knowledge that the impending harm is easily preventable.").   In sum, Plaintiff must show that he worked in conditions posing a substantial risk of serious harm and that Brunner knew of and disregarded that risk. *Farmer*, 511 U.S. at 834-37.

Plaintiff has failed to prove either the objective or subjective elements to maintain this claim. First, Brunner did not know with certainty that inmates could come into contact with hazardous materials in the work area .  After Plaintiff's initial grievance, prison officials investigated the area in which inmates were working and concluded that the inmates were not at risk for asbestos or lead paint exposure, a resolution shared with Brunner.[2]  Brunner did acknowledge a sign reading "ASBESTOS" on the wall leading into the basement area, but inmates were not assigned to work in that area.  Brunner supervised a work-site that KSR officials confirmed did not contain asbestos, and as such, he did not knowingly place an inmate in an area posing a substantial risk of harm.

Second, Brunner did not have the culpable state of mind to warrant Eighth Amendment liability. He did direct an inmate to operate a powder sander without ensuring others stationed nearby were wearing protective garb, but in doing so, he did  not intend to subject inmates to unsafe

---

[2] Plaintiff's own grievance reveals the uncertainty as to whether the working area contained hazardous material.  The Brief Statement of the Problem reads, "On Sept. 28, 2009, right before the audit team came through the SEG unit on their KSR tour, E-10 Marvin Brunner had an inmate start to operate a power sander in the hall of SEG, an area that has older paint *which could contain* lead and/or asbestos.  The resulting dust, *which could contain* lead and/or asbestos particles, is a known health hazard with minimal protection." *See* Department of Corrections Inmate Grievance Form, ECF No. 52-3 (emphasis added).

conditions.  Brunner may be at fault for his failure to follow KSR's new mandate that inmates be required to wear protective safety gear.  Protective gear was made available for inmates on the work-site, but it appears Brunner did not affirmatively ensure that inmates wore protective gear.  However, such conduct does not amount to deliberate indifference.  *See Stoudemire v. Mich. Dept. of Corr.*, 2013 WL 362828, at * 5 (6th Cir. Jan. 31, 2013)("Deliberate indifference requires more than a showing of mere mistreatment or negligence.")(internal quotation omitted).

Plaintiff's unsubstantiated allegations of working in a hazardous area containing asbestos and Brunner's failure to ensure inmates be made to wear protective gear are not enough to carry his burden of showing Brunner violated a clearly established constitutional right.  As a result, Brunner is entitled to qualified immunity on this claim.

## IV.

Next, Plaintiff alleges that Brunner violated the Eighth Amendment by sexually harassing him and other inmates while on work assignment.  Even assuming *argumendo* that Plaintiff can

properly file this claim[3] and can demonstrate a physical injury,[4] it fails as a matter of law because Plaintiff has failed to state an actionable Eighth Amendment violation.

As stated above, the Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. "To prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Allegations of severe or repetitive sexual abuse of an inmate by a prison official can be sufficiently serious enough to constitute an Eighth Amendment violation. *Jackson v. Grant Cnty. Det. Ctr.*, 2010 WL 2162611, at *2 (E.D. Ky. May 26, 2010). "As to the subjective component of an Eighth Amendment test, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." *Id.*

---

[3] Brunner argues that Plaintiff's sexual harassment claim is barred because he failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides that prisoners must exhaust administrative remedies before bringing a § 1983 action. The Corrections Policy and Procedure ("CPP") 14.6 outlines the applicable grievance policy for inmates at KSR. Brunner concedes that Plaintiff has exhausted his administrative remedies for the asbestos exposure claim. However, Brunner argues that Plaintiff did not adhere to CPP 14.6 as to the sexual harassment, because he did not first file a formal grievance. His name did appear on another inmate's grievance, but it is unclear whether that grievance was in the proper form of a "group grievance", which would satisfy the CPP obligations. Moreover, Plaintiff did detail Brunner's alleged sexual harassment in the various administrative appeals he submitted following his asbestos exposure grievance. In sum, it is questionable whether Plaintiff exhausted all administrative remedies: he did not strictly adhere to CPP 14.6, but the underlying policy of the PLRA may allow this claim to move forward as KSR officials were given a "fair opportunity to consider the grievance" and did investigate the sexual harassment complaint against Brunner. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).

[4] In the context of prisoner rights cases, proof of actual injury is required to recoup compensatory damages. 42 U.S.C § 1997e(e). Although the PLRA does not define "'physical injury,' the developing case law in this area reflects the view that the predicate injury need not be significant, but must be more than *de minimis*." *Corsetti v. Tessmer*, 41 F. App'x. 753, 755 (6th Cir. 2002); *see Lyvers v. Sulliman*, 2008 WL 4224289, at *3 (E.D. Ky. Sept. 11, 2008)("Divergent opinions throughout the nation have been rendered concerning §1997e(e), with some courts holding that this statute mandates that a 'physical injury' must accompany the alleged infringement of the inmate's constitutional rights before the inmate will have a viable cause of action, while other courts have held that depending on the nature of the inmate's allegedly infringed rights, some claims may go forward without a showing of any physical injury."). It is unclear whether allegations of sexual assault satisfy the "physical injury" requirement of § 1997e(e). The Second Circuit has ruled that allegations of sexual assault support an Eighth Amendment claim even when physical injuries are not manifest. *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999)("[A]ccepting the allegations in the complaint, the alleged sexual assaults qualify as physical injuries as a matter of common sense. Certainly, the alleged sexual assaults would constitute more than *de minimis* injury if they occurred."). Plaintiff alleges that Brunner hit inmates in the groin and buttocks areas with the back of his hand. This likely constitutes *de minimis* physical injury and is therefore actionable under § 1997e(e).

The evolving jurisprudence dictates that sexual harassment, absent physical contact, does not satisfy the objective component, because "such conduct does not constitute the unnecessary and wanton infliction of pain." *Id.*  In the Sixth Circuit, courts have held that "offensive remarks, even when coupled with isolated incidents of sexual touching, do not rise to the level of an Eighth Amendment violation." *Id.; see also Solomon v. Mich. Dept. of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012)(holding that two episodes of sexual touching coupled with sexually offensive remarks did not constitute an Eighth Amendment violation); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005)(dismissing the Eighth Amendment claim because correction officer's conduct in allegedly rubbing and grabbing inmate's buttocks in a sexual manner was "isolated, brief, and not severe").

Here, the Court finds that the Plaintiff has failed to state an Eighth Amendment violation under these standards.  Brunner's alleged conduct, though unsavory, is not the kind of severe or repetitive sexual abuse that "involve[s] a harm of federal constitutional proportions." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).  Prison officials were alerted as to the situation, and Brunner was justifiably reprimanded.   However, Brunner's conduct did not rise to the level of a violation of a clearly established constitutional right, and as such, he is entitled to qualified immunity on this claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Marvin Brunner's motion for summary judgment is SUSTAINED and Plaintiff's claims against Brunner are DISMISSED WITH PREJUDICE.

All claims are now DISMISSED and this is a final order.

9

cc:     Counsel of Record